UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. DRAKE,<br><br>          Plaintiff,<br><br>    v.<br><br>SAFEWAY INC., et al.,<br><br>          Defendants. | Case No. 19-cv-00048-DMR<br><br>**REQUEST FOR REASSIGNMENT TO DISTRICT JUDGE; REPORT AND RECOMMENDATION TO TRANSFER CASE TO THE NORTHERN DISTRICT OF TEXAS AND DENY MOTIONS TO RECUSE AND TO STAY CASE**<br><br>Re: Dkt. Nos. 12, 13, 17, 18 |

Pro se Plaintiff E. Drake filed the complaint and an application to proceed in forma pauperis ("IFP") on January 3, 2019. [Docket Nos. 1, 2.] Following the court's issuance of an Order to Show Cause why this case should not be transferred to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a), Plaintiff filed a petition for writ of mandamus with the United States Court of Appeals for the Ninth Circuit challenging the Order to Show Cause. He also moved to recuse the undersigned and stay the case pending the Ninth Circuit's decision on his petition. [Docket Nos. 11, 12, 18.]

Not all parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Therefore, the court issues herein a Report and Recommendation and reassigns this case to a district judge for final disposition, with the recommendation that the motions to recuse and to stay be denied and that this matter be transferred to the Northern District of Texas.

**I.      BACKGROUND**

Plaintiff's complaint names Defendants Safeway Inc. ("Safeway"), Cerberus Capital Management, A & L Foods, Maspeth Kosher Food, LLC, and Alle Processing Corporation. Plaintiff lives in Atlanta, Georgia, and the incident that forms the basis for the complaint took place in Dallas, Texas. *See* Compl. ¶¶ 11, 12. The court issued an Order to Show Cause why the

case should not be transferred due to improper venue pursuant to 28 U.S.C. § 1406(a), noting that "it appears that the proper venue for this case is the Northern District of Texas because that is where 'a substantial part of the events or omissions giving rise to the claim occurred.'" [Docket No. 4 (quoting 28 U.S.C. § 1391(b)(2)).]

On January 17, 2019, Plaintiff filed an amended complaint which names only Safeway and Sedgwick Claims Management Services, Inc. ("Sedgwick") as Defendants. [Docket No. 5.] He also filed a "partial motion for nonsuit" seeking dismissal of A & L Foods, Maspeth Kosher Food, LLC, and Alle Processing Corporation without prejudice. [Docket No. 8.] In his response to the Order to Show Cause, Plaintiff states that Safeway is headquartered in this district and that Sedgwick is located in and does business in this district, but that the court lacks personal jurisdiction over A & L Foods, Maspeth Kosher Food, LLC, and Alle Processing Corporation. [Docket No. 7.] According to Plaintiff, his dismissal of A & L Foods, Maspeth Kosher Food, LLC, and Alle Processing Corporation "has cured the Courts [sic] inquiry regarding transferring the above cause of action to the Northern District of Texas." *Id*. On January 30, 2019, Plaintiff filed a second amended complaint against Safeway and Sedgwick. [Docket No. 9.]

On February 7, 2019, the court issued a second Order to Show Cause, in which it noted that venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Safeway and Sedgwick both "reside" in this district. [Docket No. 10.] However, "there is no indication that Plaintiff's claims have anything to do with Defendants' businesses in California or that the claims have any connection to this district," as "Plaintiff alleges that he purchased contaminated ground beef from a Safeway-owned grocery store in Dallas, was injured in Dallas, and reported the injury to the store in Dallas." *Id*. at 2. The court ordered Plaintiff to file a statement by no later than February 22, 2019, explaining why this case should not be transferred to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a), which provides that a court may transfer a civil action to any other district "[f]or the convenience of parties and witnesses [and] in the interest of justice." *Id*.

Plaintiff timely responded to the second Order to Show Cause. [Docket No. 17.] He also filed a petition for writ of mandamus with the United States Court of Appeals for the Ninth Circuit

in which he challenges the second Order to Show Cause, and moved to recuse the undersigned and stay the case pending the Ninth Circuit's decision on his petition. [Docket Nos. 11, 12, 18.]

## II.     MOTION FOR RECUSAL

In his motion, Plaintiff asserts that the undersigned is biased and "hostile toward Plaintiff" based on her "efforts to transfer Plaintiff's case to the Northern District of Texas." [Docket No. 12 (Mot. to Recuse) 2, 3.] He asserts that the undersigned is "assisting the Defendants and their counsel" and suggests the undersigned has a financial interest in the outcome of this case. *Id*. at 8-9. Plaintiff submitted a declaration with his motion in which he states the following:

> 5. Affiant have been representing himself for over 30-years. Ryu filed a second Order to Show Cause on February 7, 2019. . . . The second show cause order was an abuse of discretion. Did Ryu filed [sic] this order to assist the above Defendants or their legal counsel in some manner? If so, the Affiant would consider such an act as conspiracy. Simply, the second Show Cause Order by Ryu was a display of her inability to be impartial in the above cause. Affiant sharply disagrees with Ryu, in that the transfer of the above cause is ***not*** warranted.
>
> 6. Affiant believes that it is possible that his race, African American, was also a factor in Ryu's second Show Cause Order.

[Docket No. 12-1 (Drake Decl., Feb. 11, 2019) ¶¶ 5, 6 (emphasis in original).]

Recusal is the process by which a federal judge may be disqualified from a given case. Two statutes govern motions to recuse federal judges, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal of the judge before whom a matter is pending upon the filing by a party of a "sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." "The judge who is the subject of disqualification . . . makes the initial determination as to the legal sufficiency of the declaration," and "[t]o be legally sufficient, the declaration must be both 'timely' and state 'facts and reasons' establishing the judge's bias." *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021 (N.D. Cal. 2001) (citations omitted). Section 455 requires a judge to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned," or where the judge "has a personal bias or prejudice concerning a party[.]" 28 U.S.C. § 455(a), (b)(1).

"The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the

3

same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam)). In certain limited circumstances, due process may require recusal where "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 877 (2009) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). "The judge is presumed to be qualified, and thus there is a substantial burden upon the moving party to show that such is not the case." *Reiffin*, 158 F. Supp. 2d at 1021-22.

Plaintiff's motion to recuse the undersigned is insufficient to show bias or prejudice against Plaintiff or in favor of Defendants under Section 144, because his allegations of bias are wholly conclusory. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (affidavit inadequate when based on mere conclusory allegations). Further, a motion to recuse must allege an extrajudicial basis for the alleged bias or prejudice. *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988) (district judge correctly rejected disqualification motion as legally insufficient and had no duty to refer it to another judge because the alleged bias or prejudice did not arise from an extrajudicial source). Plaintiff states that he has never appeared before the undersigned, "thus an extrajudicial source is the only logical avenue that would cause a judge to use every means to transfer a case otherwise," but he admits that this is based solely on speculation. *See* Mot. to Recuse 3.

Similarly, Plaintiff's motion is insufficient to show bias or prejudice under Section 455. It is well-established that actions taken by a judge during the normal course of proceedings are not proper grounds for disqualification. *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999) (judge properly denied motion for disqualification based on his prior service as prosecutor and his actions during the proceedings because neither ground required recusal). While judicial rulings alone may constitute grounds for appeal, they almost never constitute a valid basis for a bias or impartiality motion. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (court's adverse rulings are not an adequate basis

4

for recusal). In this case, the basis for Plaintiff's motion appears to be a substantive disagreement with the undersigned's second Order to Show cause; namely, that the undersigned erred in questioning whether Plaintiff's claims have any connection to this district. The issue of whether a court should transfer a civil action to another district is within the normal course of proceedings and is not proper grounds for disqualification. Accordingly, the court recommends that Plaintiff's motion for recusal be denied.[1]

### III.  MOTION TO STAY

Plaintiff next moves to stay this case pending the Ninth Circuit's decision on his petition for writ of mandamus. [Docket No. 18.] In his motion to stay, Plaintiff argues that the undersigned's "reasoning regarding her second Show Cause Order is frivolous, and yet contemptuously [sic] and it shows a recklessness that deserves appellate review and immediate recusal." *Id*. He seeks a stay of this action "to prevent Ryu from transferring Plaintiffs [sic] case prior to the Ninth Circuit review and decision." *Id*.

"A stay is not a matter of right . . . . It is instead 'an exercise of judicial discretion' . . . [that] 'is dependent upon the circumstances of the particular case.'" *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433–34.

In *Nken*, the U.S. Supreme Court distilled the legal principles that courts should consider in determining whether to issue a stay into four factors: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Id*. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Lair v. Bullock*, 697 F.3d 1200, 1203 (9th

---

[1] Plaintiff also moves to withdraw his consent to the undersigned's conducting all proceedings in this case. [Docket No. 13.] Plaintiff does not seek to withdraw his consent to magistrate judge jurisdiction altogether, stating that he "would entertain another magistrate conducting the above proceedings—but not Judge Ryu." *Id*. As this matter is being reassigned to a district judge, the motion to withdraw consent is moot.

5

1  Cir. 2012) (setting forth the four *Nken* factors as the standard of review for motions to stay). "The
2  first two *Nken* factors 'are the most critical.'" *Lair*, 697 F.3d at 1204 (quoting *Nken*, 556 U.S. at
3  434).
4        In applying the *Nken* factors, the Ninth Circuit has adopted a "'sliding scale approach' . . .
5  whereby the elements . . . of the test are balanced so that a stronger showing of one element may
6  offset a weaker showing of another.'" *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011)
7  (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)). In
8  particular, if a plaintiff cannot make a "strong showing" on the first *Nken* factor that he or she is
9  likely to succeed on the merits, the plaintiff may still satisfy that factor by making a lesser
10 showing that the appeal "raises serious legal questions or has a reasonable probability of success."
11 *Leiva-Perez*, 640 F.3d at 971. "A party meeting this lesser threshold is not required to show that it
12 is more likely than not to win on the merits . . . , but must then demonstrate that the balance of
13 hardships under the second and third [*Nken*] factors tilts *sharply* in its favor." *Morse v.*
14 *Servicemaster Glob. Holdings, Inc.*, Lead Case No. C 08-03894 SI, 2013 WL 123610, at *2 (N.D.
15 Cal. Jan. 8, 2013) (emphasis in original) (citing *Leiva-Perez*, 640 F.3d at 970); *see also Mohamed*
16 *v. Uber Techs.*, 115 F. Supp. 3d 1024, 1028 (N.D. Cal. 2015) (citing *Morse*).
17       Plaintiff has not established that a stay is appropriate pending the outcome of his petition
18 for writ of mandamus. Plaintiff does not set forth the basis for his petition before the Ninth
19 Circuit, other than attacking the court's second Order to Show Cause as "frivolous" and
20 "reckless." Absent from his motion to stay (and indeed, any of his recent filings) is an explanation
21 of *why* the second Order to Show Cause is objectionable, such as explaining why this matter
22 belongs in this district and should not be transferred to the Northern District of Texas. Therefore,
23 there is no indication that Plaintiff is likely to succeed on the merits of his petition. In the absence
24 of such a showing, or any showing that Plaintiff would be "irreparably injured" if the court does
25 not grant a stay, the court recommends that Plaintiff's motion to stay this action be denied.
26 **IV.    TRANSFER PURSUANT TO 28 U.S.C. § 1404(A)**
27       In his response to the second Order to Show Cause, Plaintiff states that the undersigned is
28 "determined to transfer the Plaintiffs [sic] case regardless of the facts," and that it is his "*legal*

*opinion that his case should not be transferred*[.]" [Docket No. 17 (emphasis in original).] However, as noted above, Plaintiff does not address why this case should not be transferred to the Northern District of Texas. Plaintiff may be resistant to a transfer because a court in that district has recognized sanctions imposed by a court in the Eastern District of Texas, which declared Plaintiff a vexatious litigant in 2012. *See, e.g., Drake v. Jones Lang La Salle Servs.*, Inc., No. 18-cv-01365-K-BT (N.D. Tex., filed May 3, 2018) (Sept. 14, 2018 and Oct. 3, 2018 orders noting Plaintiff's status as a vexatious litigant and dismissing complaint without prejudice to refiling after complying with Eastern District's pre-filing requirement).

28 U.S.C. § 1404(a) provides that a court may transfer a civil action to any other district "[f]or the convenience of parties and witnesses [and] in the interest of justice." Plaintiff does not describe any of the witnesses, state where they are located, explain why this court is more convenient for him or any other party, or address how the interest of justice weighs against transferring the case. The court construes Plaintiff's failure to explain why this case should not be transferred as an admission that the most convenient venue for his case is the Northern District of Texas. Accordingly, the court recommends that this matter be transferred to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a), and further recommends that the transferee court decide Plaintiff's IFP application.

## V. CONCLUSION

For the foregoing reasons, the court recommends that Plaintiff's motions to recuse the undersigned and to stay this matter be denied. The court further recommends that this matter be transferred to the United States District Court for the Northern District of Texas and that the transferee court decide Plaintiff's IFP application. The Clerk is directed to reassign this case to a district judge. Any party may file objections to the report and recommendation with the district judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at http://cand.uscourts.gov/proselitigants, as well as the Court's Legal Help Centers for unrepresented parties. In San Francisco, the Legal Help Center is located on the 15th Floor, Room

2796, of the United States Courthouse, 450 Golden Gate Avenue, San Francisco. In Oakland, the Legal Help Center is located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland.

**IT IS SO ORDERED.**

Dated: March 11, 2019



_____
DONNA M. RYU
United States Magistrate Judge

8